**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LAMONT TANNER, | ) | 3:13-cv-00435-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

Plaintiff has filed a motion for reversal and/or remand of the defendant's denial of his claim for social security disability benefits (#13), and the defendant has moved to affirm (#18). On July 31, 2014, the magistrate judge issued her report and recommendation recommending that the court deny the plaintiff's motion and grant the defendant's cross-motion to affirm (#20). Plaintiff has objected to the report and recommendation (#21), and defendant has responded (#22).

In this appeal, plaintiff's primary argument is that the ALJ gave insufficient reasons for rejecting the opinion of plaintiff's treating psychiatrist, Dr. VanBiber, that plaintiff is completely unable to work. Dr. VanBiber opined that plaintiff cannot maintain

1

employment due to an inability to deal with criticism and difficulties with being told what to do, new stressful situations and contacts, and feeling confined.  Dr. VanBiber believed that any criticism or new stressors would cause plaintiff to significantly decompensate emotionally and become a danger to himself.  Dr. VanBiber also believed the ALJ should give weight to the fact plaintiff was receiving disability benefits from Veterans Affairs.[1]

The ALJ accorded only partial weight to Dr. VanBiber's opinions overall, giving little weight to his opinion that plaintiff is unable to work and that his social limitations are marked.  The ALJ found this opinion inconsistent with the objective evidence of record, Dr. VanBiber's own treatment notes, and plaintiff's own reporting of symptoms.  The ALJ also noted that Dr. VanBiber seemed to rely uncritically on plaintiff's subjective complaints.  In contrast to Dr. VanBiber's opinion that plaintiff had difficulties with new situations and social contacts, with feeling confined and with being told what to do by authority figures, the ALJ found that over the course of five years plaintiff was able to frequently interact and respond appropriately and effectively with numerous physicians and hospital staff, request medication refills, attend appointments, and submit to numerous

---

[1] At the time of the ALJ's decision, plaintiff was receiving non-service connected disability from the VA based on a finding that he was 70% disabled due to degenerative joint disease involving the cervical spine, lumbar spine bilateral hips, and right shoulder; metatarsalgia involving both feet; dyspnea on exertion; coronary artery disease; and hypertension.  The record does not reflect that the VA found plaintiff disabled in any part due to mental restrictions.  (*See* AR 249-55).  Although the plaintiff had sought service related disability due to posttraumatic stress disorder ("PTSD"), the VA found no service connected PTSD and did not appear to consider PTSD as one of plaintiff's disabling factors in granting non-service connected disability.  *See id.*

confining diagnostic tests, such as MRIs, all while being described as "pleasant"; that plaintiff responded well to a nurse – a person in a position of authority – when she offered some criticism; and that plaintiff had himself stated that he does not have problems getting along with others, gets along "okay" with authority figures, and has never been laid off from a job because of difficulties interacting appropriately with others.  In contrast to Dr. VanBiber's opinion that plaintiff was likely to decompensate significantly if placed in stressful new situations and could pose a danger to himself, the ALJ found that plaintiff consistently underwent unremarkable mental status examinations with no evidence of suicidal ideation, was never labeled a suicidal or homicidal risk, and at times had denied any psychiatric issues at all; that plaintiff had reported medications help "to some degree"; and that plaintiff was generally cooperative.

    Subsequent to the ALJ's decision, the Appeals Council received additional medical records.  (*See* AR 1-23).  The Appeals Council considered some of those records in deciding whether to grant review of the ALJ's decision.  (AR 1-6).  The records considered by the Appeals Council included a June 18, 2012, progress note documenting plaintiff's first appointment with a new VA psychiatrist, Dr. Maryann Leynes.  The note indicated that plaintiff felt Dr. VanBiber's medication regime effectively treated him, and that with the medications he was not depressed and was able to sleep.  (AR 1116).  Plaintiff reported that his mood was stable and that he had no problems with feeling depressed or irritable; he also denied current concerns regarding anxiety, suicidal and homicidal ideation, and delusions or paranoia.  (AR

3

1117). Dr. Leynes observed that the plaintiff was polite and cooperative, his thoughts were linear, logical, and goal directed, and that his insight and judgment were good. (AR 1117).

An ALJ's determination of a social security claim must be upheld if (1) it applied the proper legal standard, and (2) there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb*, 433 F.3d at 686. It is more than a scintilla but less than a preponderance. *Smolen*, 80 F.3d at 1279. In determining whether substantial evidence exists, the court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion. *Id.* The ALJ's decision must be upheld if the evidence is susceptible of more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The opinion of a treating physician should be given greater weight than the opinion of examining and nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may not reject a treating physician's "opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for doing so." *Lester*, 81 F.3d at 830. A treating physician's uncontroverted opinion may be rejected only for clear and convincing reasons. *Magallanes*, 881 F.2d at 751. However, the ALJ may reject "a treating physician's opinion which is 'brief and

4

1  conclusionary in form with little in the way of clinical findings
2  to support [its] conclusion.'"  *Id*.  Where a treating physician
3  relies only on the plaintiff's subjective complaints with no
4  objective clinical findings in support, and the ALJ finds the
5  plaintiff to be without credibility, the ALJ may properly reject
6  the treating physician's opinion.  *Tonapetyan v. Halter*, 242 F.3d
7  1144, 1149 (9th Cir. 2001).  Further, while a treating physician's
8  opinion is entitled to special weight, it is "not necessarily
9  conclusive as to either a physical condition or the ultimate issue
10 of disability."  *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th
11 Cir. 1989); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).
12 The claimant's residual functional capacity is a determination to
13 be made by the ALJ, and not the claimant's physician.  *Vertigan v.*
14 *Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

15      Evidence submitted after an ALJ's decision becomes part of the
16 administrative record if it relates to the relevant time period and
17 was considered by the Appeals Council in deciding whether to grant
18 review.  *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157,
19 1159-60, 1162-63 (9th Cir. 2012).  Such evidence must be considered
20 by this court when reviewing the Commissioner's decision for
21 substantial evidence.  *Id*.

22      The court has considered the pleadings and memoranda of the
23 parties and other relevant matters of record, including the medical
24 records produced subsequent to the ALJ's decision that were
25 considered by the Appeals Council in deciding whether to grant
26 review, and has made a review and determination in accordance with
27 the requirements of 28 U.S.C. § 636 and applicable case law.  Good
28 cause appearing, the court hereby **ADOPTS AND ACCEPTS** the report and

5

recommendation of the United States Magistrate Judge (#20).

    The ALJ's stated reasons for rejecting Dr. VanBiber's opinion are supported by substantial evidence. This is particularly true because Dr. VanBiber's opinions as to plaintiff's employability are largely conclusory and unsupported by objective clinical evidence (or even strongly supportive subjective notations), and because conclusions as to employability and residual functional capacity are within the realm of the ALJ, not of the claimant's doctor. *See Batson*, 359 F.3d at 1195; *Vertigan*, 260 F.3d at 1049; *McAllister*, 888 F.2d at 602; *Magallanes*, 881 F.2d at 751. The reasons given, when considered alongside the evidence of plaintiff's June 2012 psychiatric appointment, which was considered by the Appeals Council, constitute substantial evidence to support the Commissioner's decision.

    While plaintiff's motion for reversal suggested that the ALJ also erred in not giving great weight to the VA's disability rating in violation of *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), plaintiff did not specifically raise this claim in his objections to the magistrate judge's report and recommendation. Nonetheless, the VA's disability rating was not based on any mental impairment – in whole or in part – and instead was based solely on physical impairments. Plaintiff has expressly informed this court – and the briefs are clear – that plaintiff asserts disability on his mental impairments and this appeal relates only to the ALJ's consideration of his mental condition. Accordingly, any deficiencies in the ALJ's opinion regarding the VA rating are irrelevant, as plaintiff is not claiming that he should have been found disabled on the basis of his physical impairments.

In accordance with the foregoing, plaintiff's motion for reversal and/or remand (#13) is therefore **DENIED**, and defendant's cross-motion to affirm (#18) is **GRANTED.**

IT IS SO ORDERED.

DATED: This 30th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE